# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> HERITAGE HOME GROUP LLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 18-11736 (KG) <br><br> Jointly Administered |
| HERITAGE HOME GROUP LLC <br><br> Plaintiff, <br><br> v. <br><br> ANGELUS FURNITURE OUTLET, INC. <br><br> Defendant. | Adv. Proc. No. 18-_____ (___) |

## COMPLAINT

Plaintiff, Heritage Home Group LLC ("Heritage"), by and through its undersigned counsel, hereby brings this action against defendant, Angelus Furniture Outlet, Inc. ("Angelus"), and in support thereof respectfully avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3. The causes of action alleged in all counts of this Complaint are "core" proceedings under 28 U.S.C. § 157(b).

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

01:23960392.1

4.      Heritage consents to the entry of a final order or judgment by this Court.

5.      This proceeding relates to the jointly administered cases styled <u>In re Heritage Home Group, LLC</u>, Case No. 18-11736 (KG) pending in this Court before the Honorable Kevin Gross.

6.      The voluntary petitions commencing the above-referenced chapter 11 proceedings were filed on July 29, 2018 (the "<u>Petition Date</u>").

## PARTIES

7.      Heritage is a corporation organized under the laws of the State of Delaware.

8.      Heritage, together with its Debtor and non-Debtor affiliates, is a world leader in designing, manufacturing, sourcing and retailing home furnishings.

9.      Upon information and belief, Angelus is a corporation organized under the laws of the State of California.

## FACTS

10.      Heritage and Angelus entered into a business relationship, wherein Heritage sold and delivered certain goods to Angelus for sale by Angelus to its customers. The sale of these goods by Heritage to Angelus was done "on credit," whereby invoices (the "<u>Invoices</u>") were presented to Angelus for payment in accordance with the due dates specified on the Invoices.

11.      The total amount due to Heritage from Angelus for the sale of such goods to Angelus is not less than $286,884, of which the entire amount remains due, owing and unpaid (the "<u>Outstanding Receivable</u>").

12. On December 7, 2018, Heritage made written demand on Angelus for turnover and payment of the Outstanding Receivable. A copy of this demand is attached hereto as **Exhibit A**.

## COUNT ONE

(Violation of 11 U.S.C. § 362, Automatic Stay)

13. Heritage incorporates paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Angelus withheld payment of the Outstanding Receivable, subsequent to the Petition Date, without Heritage's consent or Court approval and, in fact, after being notified of the Debtors' chapter 11 filings.

15. Heritage has demanded that Angelus pay the Outstanding Receivable, but Angelus has refused to do so.

16. Angelus has withheld payment of the Outstanding Receivable, which is property of the bankruptcy estate, and has exercised control over such property without obtaining relief from the automatic stay in violation of 11 U.S.C. § 362(a)(3).

17. Angelus has informed the Debtors that it is intentionally withholding payment of the Outstanding Receivable because it believes that it has warranty or other claims against Heritage.

18. On information and belief, the claims that Angelus believes it may have, if any, and to the extent valid, are pre-Petition, unsecured claims. Such claims may also be contingent and/or unliquidated.

19. Angelus further violates the automatic stay by attempting to effectuate a post-petition setoff of a pre-petition debt or claim without Court approval.

## COUNT TWO

(Debt)

20. Heritage incorporates paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Angelus has failed and/or refused to pay to Heritage the Outstanding Receivable.

22. Angelus has informed Heritage that it does not intend to pay the Outstanding Receivable despite substantial portions thereof being significantly past due; but rather, intends to withhold payment in its belief that it may have certain contingent, unliquidated claims against the Debtors' estates.

23. The Outstanding Receivable is justly due and owing by Angelus to Heritage.

24. Angelus is indebted to Heritage for the principal sum of not less than $286,884 plus pre and post judgment interest at the legal rate.

## COUNT III

(Turnover under 11 U.S.C. § 522)

25. The allegations set forth in paragraphs 1 through 24 are incorporated by reference as if fully set forth herein at length.

26. The Outstanding Receivable constitutes property of Heritage's estate pursuant to section 541 of the Bankruptcy Code, which is being wrongfully withheld by Angelus.

27. Pursuant to section 542(a) of the Bankruptcy Code, Angelus is obligated to turn over to Heritage all amounts owed with respect to the Outstanding Receivable. Despite demand, such property has not been returned to Heritage.

28. By refusing to turn over such property, Angelus has caused Heritage damages in an amount of not less than $286,884, plus costs and expenses that Heritage has incurred in attempting to enforce its rights, including, but not limited to, attorney's fees and expenses incurred in bringing this action.

WHEREFORE, Heritage demands: (a) judgment in its favor and against Angelus in the amount of $286,884; (b) punitive or exemplary damages for Angelus' violation of the automatic stay; (c) an award of pre and post judgment interest at the maximum legal rate from December 7, 2018; (d) an award of reasonable attorneys' fees and costs incurred; and (e) such other and further relief the Court deems just and proper.

Dated: Wilmington, Delaware
       December 17, 2018

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
Curtis J. Crowther (No. 3238)
Shane M. Reil (No. 6195
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302)  571-1253

*Counsel to the Debtors and Debtors in Possession*