## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE HOME GROUP LLC, *et al.*, | Case No. 18-11736 (KG) |
| Debtors,[1] | Jointly Administered |
| HERITAGE HOME GROUP LLC, | |
| Plaintiff, | Adv. Proc. No. 18-50968 (KG) |
| v. | |
| ANGELUS FURNITURE OUTLET, LLC, | |
| Defendant. | **Re: Adv. D.I. 3 & 11** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## BY DEFENDANT TO DISMISS ADVERSARY PROCEEDING

**THE ROSNER LAW GROUP LLC**
Frederick B. Rosner (DE #3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

-and-

**FENNEMORE CRAIG, P.C.**
Anthony W. Austin
2394 E. Camelback Road, Ste. 600
Phoenix, AZ 85016
Telephone: 602-916-5000
aaustin@fclaw.com

*Counsel to Defendant*

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165): HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150).  The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................... 2

RELEVANT FACTUAL ALLEGATIONS ......................................................... 2

      A.  The Complaint Sets Forth Traditional State Law Causes of Action ........... 3

      B.  The Disputed Amounts Plaintiff Seeks to Recover are Subject to the FSC ............................................................................................................ 3

      C.  Defendant Disputes the Amounts Plaintiff Claims it is Owed and Has Meritorious Defenses to the Complaint ............................................... 4

      D.  The Complaint Fails to Attach the Documents Relied Upon ..................... 5

      E.  Defendant Did Not File a Proof of Claim Against the Debtors or Their Estates ............................................................................................ 5

ARGUMENT .................................................................................................. 5

  I.   The Complaint Seeks Non-Core Relief ........................................................ 5

  II.  Abstention Either is Required or Appropriate ......................................... 8

      A.  Mandatory Abstention ................................................................... 8

      B.  Permissive Abstention is Warranted ........................................... 9

          1.  Efficient Administration of the Estate ......................................... 11

          2.  State Law Predominates Over Bankruptcy Issues ........................ 11

          3.  The Difficulty or Unsettled Nature of Applicable Law ................ 11

          4.  Presence of Related Proceeding in Non-Bankruptcy Court .......... 12

          5.  Jurisdictional Basis, If Any, Other Than 28 U.S.C. § 1334 .......... 12

          6.  Degree of Remoteness to the Main Bankruptcy Case .................. 12

          7.  Substance Rather Than Form of Asserted "Core" Proceeding ................................................................................. 12

8.  Feasibility of Severing Non-Bankruptcy Claim to Allow
Judgment in Non-Bankruptcy Court and Enforcement in
Bankruptcy Court ............................................................................ 13

9.  Burden on the Court's Docket ....................................................... 13

10. Forum Shopping ............................................................................. 13

11. Jury Trial ....................................................................................... 13

12. Presence of Nondebtor Parties ...................................................... 13

III. The Complaint Should Be Dismissed Pursuant Fed. R. Civ. P. 12(b)(3) for
Improper Venue. ..................................................................................... 13

A.  Forum Selection Clauses are Prima Facie Valid and should be
Enforced by this Court ................................................................. 14

B.  The State Law Claims are all Non-Core ..................................... 15

IV. Defendant is Entitled to, But this Court Cannot Conduct, a Jury Trial ............... 16

V.  Request for Judicial Notice ................................................................... 17

VI. This Court May Consider Documents Integral to the Complaint on a
Motion to Dismiss ................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Am. Home Mortgage Inv. Corp. v. Lehman Bros. Inc. (In re Am. Home Mortgage Holdings, Inc.)*, 388 B.R. 69 (Bankr. D. Del. 2008) ............................. 6

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ................................................. 10

*AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R. 309 (Bankr. D. Del. 2005) ................................ 14, 15

*Beard v. Braunstein*, 914 F.2d 434 (3d Cir.1990) ......................................... 6, 7

*Buck v. Hampton Township. School Dist.*, 452 F.3d 256 (3d Cir. 2002) ......................... 18

*Coastal Steel Corp. v. Wheelabrator-Frye, Inc.*, 464 U.S. 938 (1983) ............................ 14

*Coastal Steel v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir. 1983) ................... 14

*DHP v. Home Depot (In re DHP Holdings II Corp.)*, 435 B.R. 264 (Bankr. D. Del. 2010) .................................................................... 5, 6, 14, 15

*Diaz Contracting, Inc. v. Nanco Contracting Corp. (In re Diaz Contracting, Inc.)*, 817 F.2d 1047 (3d Cir. 1987) ................................. 14

*Galope v. New Century Morg. Corp. (In re New Century TRS Holdings, Inc.)*, 2013 WL 5755058 (Bankr. D. Del. Oct. 16, 2016) ..................................... 17

*Granfinanciera, S.A. v. Nordberg (In re Chase & Sanborn Corp.)*, 492 U.S. 33 (1989) ................................................................. 16, 17

*Great Am. Ins. Co. v. Mobile Tool Int'l, Inc. (In re Mobile Tool Int'l, Inc.)*, 320 B.R. 552 (Bankr. D. Del. 2005) ..................................................... 10

*Gwynedd Props., Inc. v. Lower Gwynedd Township*, 970 F.2d 1195 (3d Cir. 1992) ............................................................. 10

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1410 (3d Cir. 1997) ................... 18

*In re Coe-Truman Techs., Inc.*, 214 B.R. 183 (N.D. Ill. 1997) ........................................ 7

*In re DHP Holdings II Corp. v. Peter Skop Indus., Inc., (In re DHP Holdings II Corp.)*, 435 B.R. 220 (Bankr. D. Del. 2010) ................... 10, 11, 12, 13

*In re Guild & Gallery Plus, Inc.*, 72 F.3d 1178 (3d Cir. 1996) ......................................... 5

*LaRoche Indus., Inc. v. Orica Nitrogen LLC (In re LaRoche Indus., Inc.)*,
312 B.R. 249 (Bankr. D. Del. 2004) .............................................................. 12, 14

*LJM2 Co-Inv. L.P. v. LJM2 Capital Mgmt., L.P.*, 2003 WL 431684 (D.
Del. Feb. 24, 2003) ....................................................................................... 8

*N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)............ 6, 7, 16, 17

*Official Comm. Unsecured Creditors v. Elkins, et al. (In re Integrated
Health Services, Inc.)*, 291 B.R. 615 (D. Del. 2003) ........................................ 9, 12

*Omna Med. Partners, Inc. v. Carus Healthcare, P.A. (In re Omna Med.
Partners, Inc.)*, 2000 WL 33712302 (Bankr. D. Del. June 12,
2000) ......................................................................................................... 15

*Stern v. Marshall*, 564 U.S. 462 (2011) ............................................................. 15, 16, 17

*Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group, Inc.)*,
267 B.R. 673 (Bankr. D. Del. 2000) ............................................................. 10, 12

*Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568 (1985) ................... 7

*Trans World Airlines, Inc. v. Icahn et al. (In re Trans World Airlines,
Inc.)*, 278 B.R. 42 (Bankr. D. Del. 2002)...................................................... 8

*TTS, Inc. v. Stackfleth (In re Total Technical Services, Inc.)*, 142 B.R. 96
(Bankr. D. Del. 1992) ................................................................................... 9

*Uber v. Nelnet, Inc. (In re Uber)*, 443 B.R. 500 (Bankr. S.D. Ohio 2011)..................... 5, 6

*Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007)............................... 18

**Statutes**

11 U.S.C. § 362 ................................................................................................. 3

11 U.S.C. § 522 ................................................................................................. 3

11 U.S.C. § 542(b) ........................................................................................... 6, 9, 15

11 U.S.C. § 548 ................................................................................................. 16

11 U.S.C. § 548(a)(2) ....................................................................................... 17

28 U.S.C. § 1334 .............................................................................................. 2

28 U.S.C. § 1334(c)(1)...................................................................................... 1, 9

28 U.S.C. § 1334(c)(2)...................................................................................... 1, 8, 9

28 U.S.C. § 157(b) ........................................................................................................ 5, 7

**Rules**

Del. Bankr. L.R. 7012-1 ................................................................................................... 11

Fed. R. Bankr. P. 7012 ...................................................................................................... 1

Fed. R. Bankr. P. 9017 .................................................................................................... 17

Fed. R. Civ. P. 12 ............................................................................................................. 2

Fed. R. Civ. P. 12(b)(3) ............................................................................................... 1, 13

Fed. R. Evid. 201 ............................................................................................................ 17

**Constitutional Provisions**

U.S. Const. art. III .................................................................................................. 2, 15, 17

U.S. Const. art. VII ...................................................................................................... 2, 17

Angelus Furniture Outlet, Inc. ("<u>Defendant</u>"), by and through its undersigned counsel, hereby moves:  (a) for entry of an order determining that Counts 1-3 of the Amended Complaint [Adv. Pro. D.I. 3] (the "<u>Complaint</u>") are non-core, and that in any adjudication of the Complaint the Court will only enter proposed findings of fact and conclusions of law subject to *de novo* review by the District Court; (b) pursuant to 28 U.S.C. §§ 1334(c)(1) and (2), for a determination  that the garden variety state law claims for goods sold and delivered asserted in the Complaint are subject to mandatory or permissive abstention; and (c) to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), made applicable herein through Federal Rules of Bankruptcy Procedure 7012, for improper venue, because the Complaint could and should have been brought in the State Courts of North Carolina as Plaintiff and Defendant previously had agreed to in a Forum Selection Clause  (the "<u>FSC</u>") contained in the "Terms and Conditions of Sale (to Retailer)" (the "<u>Supply Agreement</u>"), a copy of which is attached hereto as **Exhibit A**.

## PRELIMINARY STATEMENT

1.      The Complaint in this adversary proceeding contains 3 Counts.  The gravamen of the Complaint is that Plaintiff sold and delivered goods to Defendant, and Defendant failed to pay. Plaintiff contends that the receivable owed to it constitutes property of the Debtor's estate but the Complaint acknowledges that Defendant has defenses.  In fact, Defendant disputes not only the amounts owed, but asserts other meritorious defenses; including but not limited to Plaintiff's failure to honor its manufacturer's warranty with respect to the goods it sold required Defendant to expend significant funds, and Defendant may be forced to expend more funds over time.

2.      The Complaint asserts non-core claims.  An action for goods sold and delivered is a quintessential claim at common law.  Although clothed in bankruptcy garb, the underlying claims do not arise in or under the Bankruptcy Code and exist independent of the Debtors' bankruptcy.

In fact, prior to the bankruptcy filing, the parties agreed that claims based on "any disputes" would be filed consistent with the FSC; *i.e.*, in the State Courts of North Carolina.  The present action, lodged in this Court, was filed in breach of the FSC.

3.      Based on the nature of the claims asserted this Court, as an initial matter, should enter an order determining that it does not possess the statutory authority to enter a final order, and is limited to making proposed findings of facts and law.  For this reason and other reasons set forth more fully below, this Court should abstain entirely from hearing this matter on a mandatory or permissive basis, or dismiss the Complaint for improper venue because of the FSC.  Defendant has not filed a proof of claim in these cases.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

4.      Plaintiff filed its Complaint on January 4, 2019.

5.      Defendant hereby moves for entry of an order dismissing the Complaint on a number of grounds set forth herein.  Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  In filing this Motion, Defendant does not consent to personal jurisdiction in this Court and does not waive any of its rights or defenses under Rule 12 of the Federal Rules of Civil Procedure, under 28 U.S.C. § 1334, Articles III and VII of the U.S. Constitution or otherwise.

## RELEVANT FACTUAL ALLEGATIONS

6.      On July 29, 2018 (the "Petition Date"), Heritage Home Group LLC ("Heritage" or "Plaintiff") and certain affiliated entities (collectively, the "Debtors") commenced the above-referenced chapter 11 bankruptcy cases.  Compl. at ¶ 6.

**A.** **The Complaint Sets Forth Traditional State Law Causes of Action**

7.      On January 4, 2019, Plaintiff filed this adversary proceeding, alleging the following

Counts:

    a.      Count 1:  violation of 11 U.S.C. § 362, automatic stay;

    b.      Count 2:  "debt"; and

    c.      Count 3:  turnover under 11 U.S.C. § 522 [sic].

(collectively, (a) – (c), the "State Law Claims").  The State Law Claims are predicated on the

Supply Agreement (which includes the FSC).  The Supply Agreement governs the party's business

relationship, and was agreed to and executed prior to the Petition Date.  Pursuant to the Supply

Agreement, "Seller [Plaintiff] warrants to Buyer [Defendant] that goods shall be free of

manufacturing defects in material and/or workmanship for, one year from the date of Seller's

invoice."  *See* Ex A.

**B.** **The Disputed Amounts Plaintiff Seeks to Recover are Subject to the FSC**

8.      It is somewhat unclear what precise amount Plaintiff is suing Defendant for or

whether the entire amount is mature debt.  The Demand Letter, attached as Exhibit A to the

Complaint, states that Defendant owes "*the Debtors* no less than $286,884" (*emphasis* added), but

the Complaint identifies Plaintiff as a single Debtor, Heritage Home Group, LLC.  In the demand

letter, Plaintiff implicitly acknowledges that the whole amount may not yet be due and avers only

that "a significant portion is presently past due."  The Complaint appears somewhat internally

conflicted averring that Defendant owes "not less than $286,884" in ¶11 but in ¶22 acknowledging

only a "substantial portion thereof being significantly past due . . . ."  The Complaint expressly

acknowledges that Defendant has asserted defenses to the Complaint.  *See* Compl. at ¶¶ 17-18.

Defendant reserves the right to assert further defenses and counterclaims.

9.      The FSC, contained in the Supply Agreement under the heading, "Governing Law, Resolution of Disputes," provides as follows:

> "All matters relating to the sale of goods by Seller to Buyer shall be construed under and governed by the laws of North Carolina. Both Buyer and Seller will submit themselves to the jurisdiction of the courts of North Carolina for **resolution of any disputes** between them, and **any lawsuits shall be initiated and tried in the state or federal courts of North Carolina**, with venue in Guilford County."

*See* Ex. A (**emphasis** added).  The resolution of the present dispute could and should have been brought in North Carolina.

### C.   Defendant Disputes the Amounts Plaintiff Claims it is Owed and Has Meritorious Defenses to the Complaint

10.      The Complaint alleges that "Heritage sold and delivered certain goods to [Defendant] for sale by [Defendant] to its customers. . . . The total amount due to Heritage from [Defendant] for the sale of such goods to [Defendant] is not less than $286,884, of which the entire amount remains due, owing and unpaid (the "Outstanding Receivable")."  Compl. at ¶¶ 10-11. The Complaint further alleges that the "Outstanding Receivable" is property of the estate.  Compl. at ¶¶ 16, 26.

11.      Defendant disputes these allegations for a variety of reasons.  First, Plaintiff sold Defendant goods (the "Furniture") that (i) had limited use and were part of a discontinued line of product that would not be available to customers and (ii) was subject to liquidations that dramatically reduced the price Defendant could charge for the Furniture.  Second, Plaintiff disavowed its warranty program and any purchases by customers of HHG product would not include any warranty.  This rendered the Furniture practically unsaleable and valueless because Defendant's customers would not purchase product without the assurance of a manufacturer's warranty.  This also resulted in Defendant being liable for warranty work that should have been performed by Heritage.  Finally, Defendant disputes the amounts Plaintiff claims it is owed.

**D.**    **The Complaint Fails to Attach the Documents Relied Upon**

12.    The Complaint references a business relationship between Plaintiff and Defendant but conveniently fails to provide this Court with the Supply Agreement that formed the basis of and governed that business relationship.  Rather Plaintiff merely attached a self-serving demand letter.

**E.**    **Defendant Did Not File a Proof of Claim Against the Debtors or Their Estates**

13.    Defendant did not file a proof of claim in these cases.

## ARGUMENT

**I.    The Complaint Seeks Non-Core Relief**

14.    The distinction between core and non-core relief is informed by consulting two sources of law; 28 U.S.C. § 157(b), which provides an illustrative list of core proceedings, and the Third Circuit's decision in *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1178 (3d Cir. 1996), which states that a proceeding is core (a) if it involves substantive rights provided by Title 11, or (b) if it is a proceeding, by its nature, that could only arise in the context of a bankruptcy case.  *DHP v. Home Depot (In re DHP Holdings II Corp.)*, 435 B.R. 264, 270 (Bankr. D. Del. 2010) ("*DHP v. Home Depot*").  *See also Uber v. Nelnet, Inc. (In re Uber)*, 443 B.R. 500, 505 (Bankr. S.D. Ohio 2011) (internal quotation omitted)("a non-core  proceeding is one that does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy.").  A bankruptcy court has statutory authority to hear non-core "related to" proceedings, but its adjudicatory powers are limited to submission of proposed findings of fact and conclusions of law to the district court for *de novo* review.  *Guild & Gallery*, 72 F.3d at 1178.

15.    Although the relief sought in the Complaint is styled as: (a) violation of the automatic stay; (b) "debt", and (c) turnover; Plaintiff's claims are not "core" proceedings because they do not invoke substantive rights created by federal bankruptcy law and unquestionably could

exist outside of bankruptcy.  *Uber*, 443 B.R. at 504-05.  Merely reciting Bankruptcy Code

provisions is not sufficient to invoke this Court's jurisdiction.  In *DHP v. Home Depot*, the court

remarked that it must analyze whether Section 542(b) is properly invoked or whether the action is

truly a traditional state law claim for breach of contract.  *DHP v. Home Depot*, 435 B.R. at 271.

The court further observed that "[m]ost Courts require that the debt be undisputed for the action

to be core."  *Id*.  The court ultimately held that the "turnover action is a non-core claim because it

seeks to collect a disputed pre-petition account receivable."  *Id*.  The cases supporting this

conclusion are legion.  *See, e.g., N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50,

89 (1982) ("*Northern Pipeline*") (stating that defendant could not unwillingly be brought before

non-Article III court on traditional breach of contract suit) (J. Rehnquist concurring); *Beard v.

Braunstein*, 914 F.2d 434, 443 (3d Cir.1990) ("It is clear that to the extent that the claim is for pre-

petition contract damages, it is non-core."); *Am. Home Mortgage Inv. Corp. v. Lehman Bros. Inc.

(In re Am. Home Mortgage Holdings, Inc.)*, 388 B.R. 69, 94 (Bankr. D. Del. 2008) (dismissing a

turnover action because title to the debt was disputed).

16.     Here, even the Complaint acknowledges that Defendant has defenses to the

collection of the Outstanding Receivable.  *See* Compl. at ¶ 17 ("[Defendant] has informed the

Debtors that it is intentionally withholding payment of the Outstanding Receivable, including both

the pre-petition and post-petition portions,  because it believes that it has warranty or other claims

against Heritage.").  Further, Defendant specifically disputes Plaintiff's allegation that the

Outstanding Receivable constitutes property of Plaintiff's estate.  Compl. at ¶¶ 16, 26.  Defendant

has other substantial defenses, counterclaims and setoffs to Plaintiff's asserted claims as discussed

above.  Because Defendant disputes in good faith Heritage's claim, the action is non-core.

17.     The Complaint essentially asserts that Plaintiff sold goods to Defendant, Defendant refused to pay, and Plaintiff has a claim against Defendant for the Outstanding Receivable.  The gravamen of the Complaint is for goods sold and delivered; a garden variety state law cause of action routinely lodged in a state court.  It is well established by Supreme Court precedent that state law claims to recover money owed under a contract claims are non-core.  *See Northern Pipeline*, 458 U.S. at 90 (1982); *In re Coe-Truman Techs., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) (stating that breach of contract claims have consistently and traditionally been found to be non-core).  The Supreme Court has reiterated this holding, stating that "Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review."  *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 584 (1985).  The Third Circuit has held that an action involving "pre-petition contracts, allegedly breached both before and after the filing of the petition is an entirely non-core matter related to a case arising under title 11."  *Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. 1990).

18.     Against this legal backdrop, the Complaint claims that "[t]he causes of action alleged in all counts of this Complaint are 'core' proceedings under 28 U.S.C. § 157(b)."  Compl. at ¶ 3.  This is akin to putting your sneakers in the oven and calling them biscuits. They are still sneakers.  This action is a traditional state law cause of action clothed in bankruptcy code sections. It involves a pre-petition contract between two "apparently healthy" companies and could have been brought absent the bankruptcy; it is non-core and disputed.  *Beard*, 914 F.2d at 445 (noting the obvious prejudice when a party is forced into bankruptcy court, without a jury or Article III protections, to defend a pre-petition contract that it entered into with an "apparently healthy" company that had not filed a bankruptcy petition).

19.     The Court is without authority to enter a final order adjudicating this matter.

## II.    Abstention Either is Required or Appropriate

20.     Because there is nothing unique about the state law claims asserted by Plaintiff, and the parties already agreed upon a venue to adjudicate "all disputes," Plaintiff's claims are subject to either mandatory or permissive abstention, as described more fully below.

### A.    Mandatory Abstention

21.     Pursuant to 28 U.S.C. § 1334(c)(2), "[u]pon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a Court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a state forum of appropriate jurisdiction." This Court must abstain from hearing a proceeding if the following criteria are met:

(1)     The motion to abstain is timely;
(2)     The action is based upon a state law claim or cause of action;
(3)     An action has been commenced in state court;
(4)     The action can be timely adjudicated;
(5)     There is no independent basis for federal jurisdiction which would have permitted the action to have been commenced in federal court absent bankruptcy; and
(6)     The matter before the Court is non-core.

*Trans World Airlines, Inc. v. Icahn et al. (In re Trans World Airlines, Inc.),* 278 B.R. 42, 50 (Bankr. D. Del. 2002) (abstaining from hearing adversary proceeding under both mandatory and permissive abstention grounds); *see also LJM2 Co-Inv. L.P. v. LJM2 Capital Mgmt., L.P.,* 2003 WL 431684, at *2 (D. Del. Feb. 24, 2003) (finding mandatory abstention appropriate, as all criteria are met, and alternatively finding that permissive abstention is also appropriate); *Official Comm. Unsecured Creditors v. Elkins, et al. (In re Integrated Health Services, Inc.),* 291 B.R. 615, 621

(D. Del. 2003) (finding discretionary abstention appropriate).   A review of the mandatory abstention criteria below demonstrates that abstention is required with respect to all claims arising under the Supply Agreement.

22.     Defendant's motion to abstain is timely.   The dispute between the parties is a standard state law action for goods sold and delivered.   Plaintiff's claims involve solely issues of state or common law.   Although Plaintiff purports to rely on Section 542(b) to collect accounts receivable it would be absurd for Plaintiff to suggest that a more appropriate cause of action does not exist under applicable state law.   Although there is no prior state law action pending, that is because Plaintiff disregarded the FSC, and brought the action in this Court.   Plaintiff should not be rewarded for disavowing what it previously agreed to.

23.     There is no reason to believe that a state court action could not be filed in the courts of the State of North Carolina (Guilford Country) and timely adjudicated.

24.     There is no federal question presented and a District Court might dismiss any action brought based on the FSC.   None of the relief sought in the Complaint is a core proceeding.   *See TTS, Inc. v. Stackfleth (In re Total Technical Services, Inc.),* 142 B.R. 96, 99 (Bankr. D. Del. 1992) (holding adversary proceeding is non-core because claims were based on state law).

25.     Because Defendant has demonstrated that all of the criteria for mandatory abstention under 28 U.S.C. § 1334(c)(2) are met, this Court must abstain from adjudicating the Complaint.

**B.     Permissive Abstention is Warranted**

26.     Alternatively, the Court should abstain from hearing the Complaint on the basis of permissive abstention.   Section 1334 of title 28 of the United States Code provides this Court with discretion to abstain from hearing a matter based on "the interest of justice, or in the interest of comity with State courts or respect for state law."   28 U.S.C. § 1334(c)(1).   Section 1334(c)(1)

recognizes that, even in the case of a core proceeding, preserving the interests of the state legal

systems may weigh in favor of this Court abstaining from hearing a matter.  Although the statute

does not provide specific criteria for determining whether "permissive" abstention is proper, this

Court has applied the following twelve factor test:

> (1) the effect on the efficient administration of the estate; (2) the
> extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of applicable state law; (4) the
> presence of a related proceeding commenced in state court or other
> non-bankruptcy court; (5) the jurisdictional basis, if any, other than
> [28 U.S.C. §] 1334; (6) the degree of relatedness or remoteness of
> the proceeding to the main bankruptcy case; (7) the substance rather
> than the form of an asserted "core" proceeding; (8) the feasibility of
> severing state law claims from core bankruptcy matters to allow
> judgments to be entered in state court with enforcement left to the
> bankruptcy court; (9) the burden on the court's docket; (10) the
> likelihood that the commencement of the proceeding in bankruptcy
> court involves forum shopping by one of the parties; (11) the
> existence of a right to a jury trial; and (12) the presence in the
> proceeding of non-debtor parties.

*Great Am. Ins. Co. v. Mobile Tool Int'l, Inc. (In re Mobile Tool Int'l, Inc.)*, 320 B.R. 552, 556-57

(Bankr. D. Del. 2005) (citation omitted).

27.    Although certain opinions state that "'[permissive] [a]bstention rarely should be

invoked,'"  *Gwynedd Props., Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1199 (3d Cir.

1992) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)), this Court has not hesitated

to abstain where the twelve factor test warrants abstention.  *See, e.g., Sun Healthcare Group, Inc.*

*v. Levin (In re Sun Healthcare Group, Inc.)*, 267 B.R. 673, 679 (Bankr. D. Del. 2000).  "Ultimately,

the decision is left up to the broad discretion of the bankruptcy court."  *In re DHP Holdings II*

*Corp. v. Peter Skop Indus., Inc., (In re DHP Holdings II Corp.)*, 435 B.R. 220, 224 (Bankr. D. Del.

2010) (internal quotations omitted) ("*DHP v. Peter Skop*").  This Court should exercise its

discretion to abstain based on the analysis of the relevant factors set forth below.

### 1.  **Efficient Administration of the Estate**

28.     The prosecution of this adversary proceeding should have no impact on the bankruptcy estate.  Plaintiff seeks to recover approximately $286,884 from Defendant.  Upon information and belief, the Debtors' secured lenders have a security interest in and lien upon any net recovery so any recovery will inure to their benefit.  This Court has abstained when an "adversary proceeding will have little or no effect upon creditors' recovery because the amount that the Debtors seek is not significant."  *Id.* at 225.

29.     Further, Defendant has not filed a proof of claim, demands a jury trial and, pursuant to Local Rule 7012-1, does not consent to this Court entering final orders in this matter.  Del. Bankr. L.R. 7012-1.  Because this Court's power with respect to the relief sought is limited, it cannot efficiently administer this matter.  This factor weighs in favor of abstention.

### 2.  **State Law Predominates Over Bankruptcy Issues**

30.     The Complaint is a dispute between Plaintiff and Defendant over an action to collect outstanding receivables for goods sold and delivered.  It is predicated on state law claims for breach of a Supply Agreement and an action to collect receivables.  *See DHP v. Peter Skop*, 435 B.R. at 226.  Non-bankruptcy law predominates the prosecution of and defense to the Complaint.  The Supply Agreement expressly provides that the law of the State of North Carolina governs.  This factor weighs in favor of abstention

### 3.  **The Difficulty or Unsettled Nature of Applicable Law**

31.     If this Court were to adjudicate this adversary proceeding, it will have to apply the law of the State of North Carolina.  Although the Court is able to do so, it clearly is not the optimal use of the Bankruptcy Court's expertise and resources.  *Id.* at 227 (state court better able to identify and resolve state court issues).  This factor weighs in favor of abstention.

### 4.   Presence of Related Proceeding in Non-Bankruptcy Court

32.     No related proceeding has been brought in any other court.  However, the fact that there is no related proceeding is "not dispositive (but is only one factor) in considering discretionary abstention." *Integrated Health,* 291 B.R. at 621 (citing *Sun Healthcare*, 267 B.R. at 679).  More to the point, the Plaintiff ignored the FSC in commencing the action in this Court.  By contractual agreement between the parties, this action was required to be commenced in a court other than this Court.  Plaintiff should not be rewarded for failing to adhere to a contractual agreement that it now seeks to enforce.  This factor weighs in favor of abstention.

### 5.   Jurisdictional Basis, If Any, Other Than 28 U.S.C. § 1334

33.     No independent federal jurisdictional basis exists to hear this dispute.   The Complaint also does not raise any federal question.  Although a federal court might have diversity jurisdiction over this matter and the amount in controversy exceeds $75,000, the action might be dismissed due to the FSC.  This factor weighs in favor of abstention or is neutral.

### 6.   Degree of Remoteness to the Main Bankruptcy Case

34.     This Court has only *de minimis* familiarity with this adversary proceeding if any. "[F]amiliarity with a bankruptcy case is insufficient to 'militate against abstention.'"  *LaRoche Indus., Inc. v. Orica Nitrogen LLC (In re LaRoche Indus., Inc.),* 312 B.R. 249, 254 (Bankr. D. Del. 2004).  Plaintiff's claims do not involve any issue of bankruptcy law, do not relate to the main case and are "not inextricably intertwined with the administration of the estate." *DHP v. Peter Skop*, 435 B.R. at 228 (citations omitted).  This factor favors abstention.

### 7.   Substance Rather Than Form of Asserted "Core" Proceeding

35.     As discussed above, Plaintiff has couched simple state law claims in the folds of Bankruptcy Code sections to give the appearance that these claims are core.  However, as the Third

Circuit has definitively ruled that Plaintiff's claims are not core proceedings and this factor favors abstention. *Id*. at 228-31.

### 8. Feasibility of Severing Non-Bankruptcy Claim to Allow Judgment in Non-Bankruptcy Court and Enforcement in Bankruptcy Court

36.     All Counts are non-core, so "severing counts need not be done." *Id.* at 232.  This factor favors abstention.

### 9. Burden on the Court's Docket

37.     It is beyond cavil that this Court's docket is extremely busy and this factor favors abstention.

### 10. Forum Shopping

38.     Plaintiff has forum shopped.  The Supply Agreement contains the FSC, which is *prima facie* valid and binding, especially in non-core matters.  Plaintiff ignores the parties' pre-petition agreement concerning venue where "all disputes" are to be decided and seeks to have this matter adjudicated in this Court.  This factor favors abstention.

### 11. Jury Trial

39.     Defendant has a Seventh Amendment right to a jury trial.  Defendant has not filed a proof of claim.  This factor favors abstention.

### 12. Presence of Nondebtor Parties

40.     Defendant has not fully researched whether third parties may be involved in this matter and reserves all rights with respect to this factor.

## III.    The Complaint Should Be Dismissed Pursuant Fed. R. Civ. P. 12(b)(3) for Improper Venue.

41.     Plaintiff seeks to enforce the Supply Agreement but ignores that same agreement contains the FSC.  The Supply Agreement unambiguously state:

>**All matters relating to the sale of goods** by Seller to Buyer shall be construed under and governed by the laws of North Carolina. Both Buyer and Seller will submit themselves to the jurisdiction of the courts of North Carolina for **resolution of any disputes** between them, and **any lawsuits shall be initiated and tried** in the State or federal courts of North Carolina, with venue in Guilford County.

Supply Agreement (**emphasis** added).

42.    It is apparent that the parties to the Supply Agreement contemplated that disputes might arise between them and agreed in advance the forum in which "all disputes" would be adjudicated.  It was agreed that disputes and claims concerning the "sale of goods" were required to be filed "in the State or federal courts of North Carolina, with venue in Guilford County."  The Supply Agreement reflects the parties' intent to resolve disputes under the laws of North Carolina and in the state or federal courts of North Carolina.

43.    By filing the Complaint in this Court, as opposed to the forum identified in the Supply Agreement, Plaintiff violated the terms of the very agreement it now seeks to enforce against Defendant.  The State Law Claims set forth in the Complaint all could, and should have been, commenced in the venue specified in the agreement.

### A.    Forum Selection Clauses are Prima Facie Valid and should be Enforced by this Court

44.    The Third Circuit Court of Appeals repeatedly has held that "forum selection [clauses] are generally binding upon bankruptcy courts, just as they are binding upon other federal courts."  *LaRoche*, 312 B.R. at 256; *see also Diaz Contracting, Inc. v. Nanco Contracting Corp. (In re Diaz Contracting, Inc.),* 817 F.2d 1047, 1050-51 (3d Cir. 1987); *Coastal Steel v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202-04 (3d Cir. 1983), *cert. denied,* 464 U.S. 938 (1983).  This Court has enforced forum selection clauses.  *DHP v. Home Depot,* 435 B.R. at 276; *AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust),* 335 B.R. 309, 329 (Bankr. D. Del. 2005); *Omna Med. Partners, Inc. v. Carus Healthcare, P.A. (In re Omna Med.*

*Partners, Inc.),* 2000 WL 33712302, at *4 (Bankr. D. Del. June 12, 2000) (The "issues . . . are not

so central to this reorganization as to overcome the presumptively valid forum selection clause to

which the parties agreed.").

45.     The case *DHP v. Home Depot* is instructive.  There, plaintiff filed a complaint

asserting three causes of action: (a) turnover of property pursuant to § 542(b); (b) breach of contract

for failure to pay the account receivable balance, and (c) disallowance of claim.  The defendant

answered the Complaint, but then moved to transfer venue of the lawsuit based on a forum

selection clause.  As an initial matter, the court noted that forum selection clauses are "prima facie

valid" and generally enforced.  *DHP v. Home Depot*, 435 B.R. at 269.  The court dismissed

plaintiff's argument that a forum selection clause should be given less weight because it is part of

a form contract and therefore not a bargained for contract provision.  *Id.*  The court instead found

that the "lack of actual negotiations over the forum selection clause does not affect its validity."

*Id.*  The *DHP* court considered whether the forum selection clause arose in a core or non-core

matter, noting that the distinction is relevant because a forum selection clause is more likely to be

enforced in a non-core matter.  *Id.* at 270; *see also AstroPower,* 335 B.R. at 329 (dismissing state

law counts of complaint based on parties' pre-petition forum selection clause).  Ultimately the

DHP court granted the motion and transferred the case to the forum agreed to in the forum selection

clause.  *DHP v. Home Depot*, 435 B.R. at 276.  Dismissing the Complaint as having been filed in

an improper venue serves public policy because it bolsters the freedom of parties to enter into a

contract selecting an agreed forum should a dispute arise.

### B.     The State Law Claims are all Non-Core

46.     In *Stern v. Marshall*, 564 U.S. 462 (2011) ("*Stern*"), the Supreme Court held that

Article III of the Constitution prohibits a bankruptcy court from entering a final judgment on a

state law claim brought by a debtor against a creditor if those claims will not be fully resolved in

the claims resolution process. Reviewing *Northern Pipeline* and *Granfinanciera, S.A. v. Nordberg* (*In re Chase & Sanborn Corp.*), 492 U.S. 33 (1989), as well as other precedents outside the bankruptcy context addressing the authority of non-Article III tribunals, the Supreme Court in *Stern* concluded that "[w]hen a suit is made of stuff of the traditional actions at common law tried by the courts at Westminster in 1789, and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with the Article III judges in Article III courts. The Constitution assigns that job – resolution of the mundane as wells as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law – to the Judiciary." *Stern*, 564 U.S. at 484 (citation and quotation marks omitted). The Supreme Court held, "this case involves the most prototypical exercise of judicial power:  the entry of a final, binding judgment *by a court* with broad substantive jurisdiction, on a common law cause of action, when the action neither devises from nor depends upon any agency regulatory regime. *Id.* at 494 (*emphasis* in original).

47.    The rationale in *Stern* applies here, because Plaintiff has asked this Court to adjudicate and enter a final order against the Defendant based on the State Law Claims, none of which arise under or are dependent on the Bankruptcy Code. Further, the requested adjudication of the State Law Claims does <u>not</u> involve the claims resolution process because Defendant has not filed a proof of claim. Accordingly, and because Defendant does not consent to the jurisdiction of this Court, this Court lacks the requisite authority to hear and determine the State Law Claims on a final basis as requested by Plaintiff.

## IV.    <u>Defendant is Entitled to, But this Court Cannot Conduct, a Jury Trial</u>

48.    In *Granfinanciera*, the Supreme Court held that a defendant in a fraudulent transfer action under Section 548 of the Bankruptcy Code that has not filed a proof of claim is entitled to a jury trial. The Supreme Court stated that the jury-trial question "requires <u>the same answer</u> as the

question whether Article III allows Congress to assign adjudication of that cause of action to a non-Article III tribunal." *Granfinanciera*, 492 U.S. at 53 (<u>emphasis</u> added).  The Court held that the Seventh Amendment entitled the defendant to a jury trial because fraudulent-conveyance actions, even when brought under the Bankruptcy Code, "are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rate share of the bankruptcy res."  *Id.* at 56 (citation omitted); *see id.* at 55-56 ("A bankruptcy trustee's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a)(2) seems to us more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions.") (citing *Northern Pipeline*, 458 U.S. at 71).

49.    Defendant respectfully submits that based on *Northern Pipeline*, *Stern* and *Grandfinanceria,* the State Law Claims may not be adjudicated by a non-Article III tribunal other than a state court.  Because Defendant has not filed a proof of claim, does not consent to this Court's jurisdiction, and this litigation does not involve the restructuring of debtor-creditor relations, Defendant is entitled to a jury trial.

## V.    <u>Request for Judicial Notice</u>

50.    Pursuant to Fed. R. Bankr. P. 9017 and Fed. R. Evid. 201, Defendant respectfully requests that the Court take judicial notice of the fact Defendant has not filed a Proof of Claim.[2] *See, e.g.*, *Galope v. New Century Morg. Corp. (In re New Century TRS Holdings, Inc.)*, 2013 WL 5755058 (Bankr. D. Del. Oct. 16, 2016) (on motion to dismiss adversary proceeding, court took judicial notice of pleadings, rulings and other events in the underlying chapter 11 case).

---

[2] Kurtzman Carson Consultants LLC was appointed as the claims agent for the Debtor.  To date, Defendant has not filed a proof of claim against the Debtor. *See* claim's agent's website at: http://www.kccllc.net/heritagehome/register.

## VI. This Court May Consider Documents Integral to the Complaint on a Motion to Dismiss

51.    When considering the sufficiency of the Complaint on a motion to dismiss, this Court is not limited to its four corners, but may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case" without thereby converting the motion into one for summary judgment.  *Buck v. Hampton Township. School Dist.*, 452 F.3d 256 (3d Cir. 2002) (internal quotes omitted).  *See also Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1410, 1426 (3d Cir. 1997) for the proposition that a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment") (internal quotations omitted).  "The justification for the integral documents exception is to prevent a plaintiff from extracting isolated statements from a document and misrepresenting them." *Burlington*, 114 F.3d at 1426.  For purposes of this Motion, Defendant respectfully requests the Court consider the Supply Agreement.

## CONCLUSION

Defendant respectfully requests that this Court dismiss the Complaint with prejudice and grant such other and further relief as is just and proper.

Respectfully Submitted,

Dated: February 26, 2019
        Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone:  (302) 777-1111
rosner@teamrosner.com

-and-

**FENNEMORE CRAIG, P.C.**

Anthony W. Austin
2394 E. Camelback Road, Ste. 600
Phoenix, AZ 85016
602-916-5000
aaustin@fclaw.com

*Counsel to Defendant*